THOMAS M. NICKOLOPOULOS, complainant-appellant,

*v.*

ANGELO SARANTIS et al., defendants-respondents.

[Submitted February term, 1928.   Decided May 14th, 1928.] ·

This court will not extend its aid to one seeking enforcement of an agreement among stockholders which attempts to give secret control of the affairs of the corporation, in contravention of the law upon which the corporation's right to exist depends.   Hence the stockholders' agreement in this case, whereby the holder of twenty-five per cent. of the stock was to be entitled to a fifty per cent. vote in connection with any matter pertaining to the affairs of the corporation, where such agreement did not appear in either the certificate of incorporation or the by-laws of the corporation, is fraud on the corporation and those dealing with it, and a violation of the Corporation act.

---

On appeal from the court of chancery.

*Messrs. Burnett & Murray,* for the appellant.

*Mr. Joseph Conlon,* for the respondents.

The opinion of the court was delivered by

LLOYD, J.

Appellant, Nickolopoulos, is the owner of one-fourth of the capital stock of a corporation called the Goody Sweet Shop, Incorporated, and filed his bill of complaint in the court below to compel the defendants to observe an agreement giving him a fifty per cent. voting strength in the company. Kypros, Sarantis and Ferris, three of the defendants, had been carrying on a successful lunch and confectionery business in White Plains, New York, and, desiring to open a place in Newark, asked complainant to join them in the formation of a corporation and to loan the corporation $10,000, taking a chattel mortgage as security. The corporation was formed, complainant received tweny-five per cent. of the stock and was elected its president; the mortgage was created but was defective, and later a new mortgage was created. The second mortgage was subsequently extinguished.

When the new mortgage was made an agreement in writing was entered into by the four persons named containing a provision reading as follows:

"This agreement witnesseth, despite any contrary provision in the certificate of incorporation or by-laws: Thomas M. Nickolopoulos is to be entitled to a fifty per cent. vote either at a stockholders' meeting or at a directors' meeting, in connection with any proposition or matter pertaining to the affairs of Goody Sweet Shop, Inc., and which may be brought up at any meeting of the stockholders or of the directors. The said Thomas M. Nickolopoulos shall have this fifty per cent. vote despite the fact that he is only the holder of twenty-five shares of the capital stock."

It is this agreement that the bill seeks to have declared perpetual and binding on the parties and its enforcement decreed.

The case was heard by a vice-chancellor who advised a decree dismissing the bill on the ground that the agreement terminated with the extinguishment of the mortgage.

We find it unnecessary to pass on the correctness of this conclusion for the reason that the agreement is itself in violation of the corporation laws of the state and void. Normally each share of stock of given class in a corporation stands on an equality of voting strength, but the legislature has permitted a departure from this status in the seventeenth section of the Corporation act (*2 Comp. Stat. p. 1608*), which declares that "every corporation may determine by its certificate of incorporation or by laws * * * what number of shares shall entitle the stockholders to one or more votes."

The stockholders are powerless, except by the method provided, to alter the voting power of any share of stock. In the present case the agreement did not appear in either the certificate of incorporation or in the by-laws. Hence, when the parties to the present suit attempted to clothe the complainant, holder of but twenty-five per cent. of the capital stock, with a voting strength of fifty per cent., it was in violation of the act and created a control of the corporation at variance with that indicated by the charter, by-laws and stock list. This was a fraud on the corporation and on those dealing with it. The stockholders, as also the public, are entitled to know from a corporation's official records who are in control of its management. If the present method of secret agreement were sanctioned serious abuse and misuse of corporate power would speedily result. Instead of twenty-five per cent. of the stock any smaller proportion might be selected, and a chosen individual (a favored creditor perhaps) given despotic authority, of which authority stockholders not parties to the agreement and others dealing with the corporation would be in complete ignorance.

In the recent case of *Loomis* v. *Public Service Transportation Co., 102 N. J. Eq. 259,* this court, referring to a use of the corporate franchise to further a scheme outside the purposes as expressed in the certificate of incorporation, said: "Equity will not countenance such a fraud upon the Corporation act and extend to those who participate in the fraud its aid." For like reason the court will not extend its aid to those seeking enforcement of an agreement among stockholders when that agreement attempts a secret control in

contravention of the law on which the corporation's right to exist depends.

For the reasons herein set forth the decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.